## THE STATE V. BORIE.

**Bastardy: PATERNITY OF CHILD: EVIDENCE.** In a bastardy proceeding, where it was shown that the prosecutrix was much in the company of a man other than the defendant shortly before the child was begotten, and that she had .had a marriage engagement with such other person, which had for some time been abandoned, evidence that she and such other person had, some eight years before, been together at a hotel, locked up in a room for several hours, was properly admissible as bearing upon the probable character of their associations near the time when the child was begotten, and thus upon the question of the paternity of the child.

*Appeal from Buchanan District Court.*—HON. D. J. LENEHAN, Judge.

FILED, FEBRUARY 12, 1890.

PROCEEDING under the bastardy act. From judgment for maintenance, the defendant appeals.

*Chas. E. Ransier*, for appellant.

*H. W. Holman*, for appellee.

GRANGER, J.—Mary Weismiller is the mother of an illegitimate child, born April 25, 1888; and she institutes this proceeding against the defendant, as its putative father, for its support. The record presents but one question which we are required to notice. The alleged intercourse, under the statements of the prosecuting witness, occurred somewhere from the tenth to

the twentieth of August, 1887. In July before, the prosecuting witness was in the company of one Damon, with whom years before she had a marriage engagement, which had been abandoned or broken for some time. She rode with him from Independence to Oelwein, July 4, some twenty miles, and the last of July she was twice in his company when she was at Oelwein, on business, at each time staying at his home over night, sleeping with his mother. The last of July she went to his house on Saturday, and on Sunday he procured a horse and buggy, and they rode together to the house of one Searls. In her testimony she stated that she was at Maynard with Damon some seven or eight years before, on a fourth of July. She was then asked if at that time she and Damon were not at a hotel, locked in a room for several hours. An objection that the testimony was incompetent, immaterial and too remote was sustained, and appellant urges the ruling as error. If the intimacies had not to some extent been renewed between the prosecuting witness and Damon so recently, and at the particular time they appear to have been, we might feel induced to say the circumstances sought to be proved were too remote. If it had been true that the occurrence claimed, as to being locked in a room in a public house, had occurred in July, 1888, there would be no question of its materiality in a case where the testimony was conflicting as to the paternity of a child. In such a case, the fact would be proper for the jury to consider. It is in evidence as to her being with Damon in July, both at his home and riding with him. Now, suppose the jury should believe that the being in such a room years before was for improper purposes,—and it is a fact, unexplained, from which such an inference might be drawn, though not necessarily,—would not the fact of prior misconduct be a material aid in determining the probabilities of misconduct in July, 1888? The July visits and conduct in 1888 were allowed in proof only to let the jury say if another than defendant was likely the father of the child. It does seem as if

the jury could better weigh such circumstances in the light of the former conduct of the parties. If, in their former acquaintance, their conduct was exemplary, and above suspicion, it might justify a like inference at the renewal of acquaintance. If otherwise, would not the fact as well aid to a just conclusion? It must not be understood that we intimate a conclusion that should be drawn from any fact which the testimony, when admitted, might establish. We only say the testimony should have been admitted and considered.

Other errors are assigned, all of which have been considered, but there is no other on which we would reverse. However, to avoid misapprehension, we will say that on some of the points the ruling would be sustained because of the condition of the record, and beyond the question of the record we have not inquired. Because of the error pointed out, the judgment is

REVERSED.