## THE STATE v. GINGER.

1.  **Bastardy**: EVIDENCE TO CONVICT : PREPONDERANCE.  Where in a bastardy case the prosecutrix testified to sexual intercourse with the defendant, and he as a witness denied it, but the jury found him guilty, this court cannot say that the verdict was without support of evidence, and the result of passion and prejudice ; for it was the province of the jury, in the light of all the circumstances, to determine whose testimony was entitled to credit, and to find accordingly.  (See *State v. McGlothlen*, 56 Iowa, 544.)

2.  ———— : ———— : INTERCOURSE WITH OTHER MEN.  In such case, though the evidence tended to show sexual intercourse of the prosecutrix with other men about the time the child was begotten, it was still for the jury to determine who was the father of the child.  (See *State v. Pratt*, 40 Iowa, 631.)

3.  ———— : PREMATURE BIRTH : EXPERT EVIDENCE : HYPOTHETICAL QUESTION : OBJECTION.  Where in such case the birth was premature, and to account for that fact the state called a physician as an expert, and asked him :  "If a woman fell from a sleigh three or four days prior to the birth of the child, and, from the effects of it, felt pain in the back and side, and continued to have pains from that time, what effect would that be likely to have upon the birth, or would it have any, in your judgment?" *held*—

    (1) That the question was one upon which expert testimony was admissible.

    (2) That the general objection that the question was "incompetent, immaterial and irrelevant" did not fairly call upon the court to exclude it on the specific ground that there was no evidence that the pains testified to by complainant were in her back and side, as assumed by the question.

(3) That in such hypothetical questions technical accuracy is not required, since they are usually based upon a large number of facts, and, if the questioner errs, the error is easily pointed out by cross-examination. (See *Meeker v. Meeker*, 74 Iowa, 352.)

4. ———— : EVIDENCE OF RELATIONS OF COMPLAINANT TO OTHER MEN. In such case evidence was properly excluded as immaterial by which it was proposed to show that at a certain party certain persons proposed going out to look after the complainant and a man other than the defendant,—they having gone out alone.

5. ———— : INSTRUCTION : COMPLAINANT'S CHASTITY. In such case the court instructed : "It is proper for you to consider the evidence introduced relating to the acts and language of the complaining witness, in determining the credit to be given to her testimony, and whether the defendant is guilty ; but if the defendant is, in fact, the father of such child, then it is immaterial whether such witness is chaste." *Held* not open to the objection that it forbade the consideration of such testimony as bearing on the question of defendant's guilt.

6. New Trial: NEWLY-DISCOVERED EVIDENCE. It was no abuse of discretion to refuse a new trial on the ground of newly-discovered evidence, where such evidence consisted of a fact to which one of the witnesses had neglected to testify, and facts which it was supposed a certain person would testify to if a new trial were ordered, where there had already been a continuance to procure the testimony of such person.

7. ———— : EXCESSIVE JUDGMENT. Where defendant in a bastardy proceeding was found guilty, judgment that he pay one hundred dollars forthwith, and fifty dollars a year until seven hundred dollars has been paid, is not excessive, where it does not appear that such amount is more than sufficient to support the child.

*Appeal from O'Brien District Court.*—HON. SCOTT M. LADD, Judge.

FILED, OCTOBER 8, 1890.

THIS is a proceeding by which it is sought to charge the defendant with being the father of a bastard child of one Emma Jetter. The defendant pleaded that he was. not guilty of the charge. There was a trial by jury, and a verdict of guilty. The court ordered and adjudged that the defendant pay to the mother of the

child the sum of seven hundred dollars; one hundred dollars to be paid in thirty days, and fifty dollars on the first day of January in each year, until the whole amount shall be paid. The defendant appeals.

*E. C. Herrick* and *H. H. Crow*, for appellant.

*J. B. Dunn*, County Attorney, and *J. L. E. Peck*, for the State.

ROTHROCK, C. J.—I. The prosecutrix is a young girl, the daughter of a German farmer. She became

**1. BASTARDY: evidence to convict: preponderance.** pregnant when she was about nineteen years old. The defendant is a member of another German family of farmers in the same neighborhood. The two young people had been acquainted some four years. About May, 1887, the prosecutrix went to the house of the defendant and worked at housework for a week. She testified on the trial that during that time the defendant had sexual intercourse with her. The defendant was examined as a witness, and positively denied that he was guilty of the act charged. It is strenuously insisted that the verdict was without the support of evidence, and that it was the result of passion and prejudice on the part of the jury. If the jury believed the testimony of the complainant rather than that of the defendant, and there was no more reason for disbelieving one than the other, the verdict cannot be said to be contrary to the evidence; and it was the province of the jury to weigh the testimony of the witnesses, as well as all the facts and circumstances tending to corroborate or discredit them, and determine the case according to the preponderance of the evidence. *State v. McGlothlen*, 56 Iowa, 544. It is true that the child was born before the usual period of gestation from the time fixed by the complainant in her testimony; but other evidence in the case shows that the matter of the exact time of gestation is not a controlling circumstance. And then again there is

The State v. Ginger.

2. ——:——:
intercourse
with other
men.

evidence which tends to show that the complainant may have had sexual intercourse with other men about the time the child was begotten. But this fact is not at all certain; and, if it be a fact, it was for the jury to determine who was the father of the child. *State v. Pratt*, 40 Iowa, 631. We cannot disturb the verdict on the ground that it was not supported by the evidence.

II. The complainant stated in her testimony that a short time before the birth of the child she was

3. ——: premature birth: expert evidence: hypothetical question: objection.

thrown from a sleigh, and was injured by the fall, so that she "received a good many pains." The state called a physician as a witness. The object of calling the professional witness was to account for the apparent premature birth of the child. The witness was asked this question: "If a woman fall from a sleigh some three or four days prior to the birth of the child, and, from the effects of it, felt pain in the back and side, and had continued to have pains from that time, what effect would that be likely to have upon the birth, or would it have any effect, in your judgment?" This question was objected to on the grounds that it was "incompetent, immaterial and irrelevant, and the facts in the case not being ones in which the foundation of a hypothetical question is called for." The objection was overruled, and defendant accepted. It is claimed in the argument in behalf of appellant that there was no evidence in the case that the pains suffered by the complainant were "in the back and side," and that because there was no such evidence the judgment should be reversed. It is correct that hypothetical questions propounded to an expert should be founded upon evidence previously introduced; but in this case the want of such evidence does not appear from the record to have been presented as a specific objection. It is included in the general objection of incompetency and immateriality, but hypothetical questions are usually based upon a large number of facts, and it is hardly

fair to make an objection in a general way without pointing out the particular part objected to. Besides, technical accuracy is not required in stating the question. If the questioner is in error as to one or more facts, no real prejudice can result, as the opposite party can, in cross-examination, fully point out wherein the question is not in compliance with the rule. *Meeker v. Meeker*, 74 Iowa, 352. It is claimed by counsel for appellee that the complaining witness fully indicated, by placing her hands upon her back and side, where the pains were located. If so, the court and jury may have understood the witness to point out the seat of the pain as plainly as she could have done by words. It is further claimed that the case was not one where expert evidence was admissible. It appears to us that this objection is not well taken. The question as to the effect of an injury to a pregnant woman is surely one upon which physicians should be permitted to give an opinion based upon the facts attending and consequent upon the injury.

· III. It is further claimed that the court erred in sustaining objections to certain questions propounded to 
4. ——: evidence of relations of complainant to other men. the complaining witness in cross-examination, touching when she became acquainted with one Peter Mine, and whether she knew when he went away from the neighborhood, and other questions in regard to him. We discover no error in these rulings. The evidence sought to be elicited by the questions had either been fully detailed by the witness, or they were immaterial to any issue in the case. The same may be said of the refusal on the part of the court to allow the defendant's counsel to interrogate a witness named Steen, as to whether on a certain occasion, at a party, certain persons proposed going out to look after the complainant and Peter Mine. No question was made as to the right to show that Peter Mine and the complainant went out alone; but it was wholly immaterial and irrelevant what action was taken with reference

thereto by the party. If the persons there present held a caucus on the subject, and organized a searching party, these facts were wholly immaterial. It surely was not competent to show that the party thought that Mine and the complainant were absent for improper purposes.

IV. The court gave the following among other instructions to the jury: "It is proper for you to consider the evidence introduced relating to the acts and language of the complaining witness in determining the credit to be given to her testimony, and whether the defendant is guilty, but if the defendant is, in fact, the father of such child, then it is immaterial whether such witness is chaste." It is claimed that the court in this instruction limited the effect of the evidence of unchaste character of the complainant to merely affecting her credibility as a witness, and that the jury were not permitted to consider such evidence for any other purpose than to impeach her testimony. We think this is an erroneous view of the instruction. The jury are therein directed that they should consider such evidence in determining the credit to be given her testimony, "and whether the defendant is guilty." It is possible the instruction is not as full and explicit as it might have been made, but it cannot be said to be erroneous.

*5. ——: instruction: complainant's chastity.*

V. The defendant, as one ground for a new trial, set up certain newly-discovered evidence. This evidence consisted of a fact to which one of the defendant's witnesses neglected to testify when he was examined on the trial. It is enough to say of this that the court, no doubt, was of the opinion that the omitted fact should have been called out by the examination of the witness. Other alleged newly-discovered evidence is what it is supposed the man named Mine would testify to if a new trial were ordered. The cause was once continued to procure the testimony of Mine. We fail to discover that the court

*6. New trial: newly-discovered evidence.*

abused its discretion in overruling the motion for a new trial on this ground.

VI. Lastly, it is claimed that the amount ordered to be paid by the defendant is excessive. We do not

7. ——: exces-
sive judg-
ment.

so regard it. It requires the payment of one hundred dollars now, and fifty dollars a year until seven hundred dollars have been paid. It does not appear that this is more than suffi-cient to maintain the child. The order of the district court will be                    AFFIRMED.