Williams vs. Riches.

WILLIAMS, Respondent, vs. RICHES, Administratrix, Appellant.

*September 26 — October 14, 1890.*

PROMISSORY NOTES: EVIDENCE. (*1*) *Proof of execution by person since deceased.* (*2*) *Comparison of handwriting.* (*3*) *Admissions.* (*4*) *New trial for newly discovered evidence: Discretion.*

1. In an action upon a promissory note purporting to have been executed by defendant's intestate, R., who signed by making his mark, the payee's daughter testified that two indorsements of payments thereon were made by her at the request of both R. and her father. Another witness testified that he assisted at an attempted settlement between R. and the payee, and that a note of R. was then presented by the payee, which he believed to be the one now in suit. *Held,* that the evidence of the execution of the note by R. was sufficient to support a verdict for the plaintiff.

2. The payee's daughter having been only ten years old when she wrote the first indorsement, and thirteen years old when she wrote the second, it was not error to refuse to compel her to rewrite the indorsements for comparison at the trial, she being then twenty-one years old and having testified that her handwriting had very much changed and improved.

3. In an affidavit for a continuance the plaintiff had stated that he could not safely go to trial without the testimony of one W. H., whom he believed to have made the second indorsement on the note. This affidavit was offered as evidence by the defendant, but was rejected. The father of W. H. testified that the plaintiff had told him, prior

to the trial, that W. H. made one of the indorsements. The plaintiff testified that he did make such statement; that he was induced to do so from comparing W. H.'s handwriting with the indorsements, but knew nothing about the fact; and that he was afterwards informed that the payee's daughter made the indorsements. *Held*, that the exclusion of the affidavit was not error for which the judgment would be reversed.

4. The denial of a motion for a new trial on the ground of newly discovered evidence will not be held an abuse of discretion where it does not appear that such evidence would probably produce a different result.

APPEAL from the Circuit Court for *Portage* County.

The following statement of the case was prepared by Mr. Justice Cassoday:

This action was commenced February 15, 1888, upon a promissory note dated October 2, 1876, alleged to have been executed by the defendant's intestate, John Riches, payable to the order of one Thomas Welch, for $326.75, payable April 25, 1877, with interest. It is alleged in the complaint that there was paid and indorsed thereon to Welch, April 10, 1879, $25; also, June 1, 1882, $35; and that Welch indorsed and transferred the note to the plaintiff, September 20, 1886. The answer denied each and every allegation of the complaint, and specifically denied the signing and execution of the note, and alleged that if the note was ever executed by John Riches it had been fully paid and satisfied while in the hands of Thomas Welch; and also pleaded the six years statute of limitations. At the close of the trial, the jury returned a verdict in favor of the plaintiff, and assessed his damages at $708.70. From the judgment entered upon that verdict, the defendant appeals.

For the appellant there was a brief by *Raymond & Brennan*, and oral argument by *John Brennan*.

For the respondent there was a brief by *Synon & Frost*, attorneys, and *Cate, Jones & Sanborn*, of counsel, and oral argument by *D. Lloyd Jones*.

CASSODAY, J. Under the pleadings, the plaintiff was required to prove the execution of the note by John Riches. Sec. 4192, R. S. The evidence of such signing by John Riches was certainly very weak. The note purported to be signed by John Riches' making his mark. It was proved that neither he nor the payee, Thomas Welch, was able to write his name. The daughter of Mr. Welch testified to the effect that April 10, 1879, and when she was about ten years of age, at her father's house, and at the request of both her father and John Riches, she then and there made the indorsement thereon of $25, as it appeared on the note; that June 1, 1882, at the house of her father, and at the request of both John Riches and her father, she then and there made the indorsement thereon of $35, as it appeared on the note; but that she saw no money paid on either occasion. There was also testimony of another witness to the effect that he was present at an attempted settlement between Thomas Welch and John Riches, in 1882; that he acted in behalf of Welch in the matter of such settlement; that a note held by Welch against Riches was brought up, and the note presented by Welch at that time; that he believed the note in question was the same note thus presented. We must hold that such evidence was sufficient to support the verdict, and hence that the trial court properly refused to grant the nonsuit, and also properly refused to set aside the verdict for want of evidence.

We do not think there was any error in refusing to compel the witness Miss Welch to rewrite the indorsement on the note in the presence of the jury, as the defendant's counsel should read it to her, for the purpose of being used in evidence,— especially as the indorsements were long before, and she had testified to the effect that her handwriting had very much changed and improved since she made the indorsements on the note.[1]

---

[1] The witness testified that she was twenty-one years old at the time of the trial.— REP.

There is no reversible error for rejecting, as evidence on the part of the defendant, an affidavit made by the plaintiff for the purpose of continuing this cause in the trial court for the reason that he could not safely proceed to such trial without the testimony of one William Houston, whom he believed to have been present and to have made the last indorsement on the note by direction of John Riches. The defense was allowed to prove, and did prove, by William Houston's father, that some six months prior to the trial the plaintiff told him, in effect, that his son William made one of the indorsements on the note,— the first indorsement. The plaintiff thereupon testified to the effect that he did make such statement; that he was induced to do so from comparing William Houston's handwriting with such indorsements; that he at that time knew nothing about the fact, but was simply trying to find out who made the indorsements; that, subsequently, he was informed that it was the daughter of Mr. Welch.

The learned counsel for the defendant insists that a new trial should have been granted upon the ground of newly discovered evidence. The affidavits in support of such motion are voluminous, and the same is true in respect to those used in opposition to such motion. We have carefully read all these affidavits, and we are not prepared to say that such newly discovered evidence is of such a character as would probably produce a different result; and hence the court was justified in refusing to grant the motion. *Grace v. McArthur,* 76 Wis. 641. The question was largely in the discretion of the trial court, and we would not feel justified in holding that there had been any abuse of such discretion.

We find no reversible error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.