HUMPHREY, Plaintiff in error, vs. THE STATE, Defendant in error.

*December 23, 1890 — January 13, 1891.*

*Bastardy: Evidence: New trial.*

1. In bastardy proceedings there was no error in holding that the defendant was bound by the answers of the complaining witness on cross-examination, denying that she had scuffled with another man in the presence of the whole family about the time the child was

begotten, but allowing him to show that at about that time she was with other men under circumstances which would give rise to a suspicion that there might have been intercourse between them.

2. It was not an abuse of discretion for the trial court to permit the complaining witness to be recalled, after the defendant had put in part of his evidence, in order to correct her testimony as to the exact date when the child was begotten.

3. Where it does not appear that newly discovered evidence would probably produce a different result, there is no abuse of discretion in refusing to grant a new trial upon that ground.

ERROR to the Circuit Court for *Grant* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This is a prosecution for bastardy in which the plaintiff in error, *Paul Humphrey*, is charged with having begotten a child on the body of Lizzie McGuigan, June 25, 1888. To that charge he pleaded not guilty. It appears that Lizzie was twenty-three years of age at the time it is alleged the child was begotten, and that *Paul* was sixteen years of age the previous January. At the close of the trial, the jury returned a verdict of guilty; and it was thereupon adjudged that he was the father of the bastard child of Lizzie, born alive March 16, 1889, and that he should stand chargeable with the future maintenance and support of the child, and expenses, as stated in the judgment.

For the plaintiff in error there were briefs by *Brooks & Blanchard* and *Ed. M. Lowry*, attorneys, and *W. E. Carter*, of counsel, and oral argument by *Mr. Carter* and *Mr. T. J. Brooks*.

For the defendant in error there was a brief by the *Attorney General* and *A. R. Bushnell*, counsel, and oral argument by *Mr. Bushnell*.

CASSODAY, J. It is claimed that the verdict is not sustained by the evidence. This is based on the theory that the complaining witness is contradicted by disinterested

witnesses in so many important particulars and by so many circumstances, that the jury were not justified in returning a verdict of guilty. However potent may have been such reasons when addressed to the trial court, vested with a broad discretion in the premises, yet, sitting as a court of review, we do not feel at liberty, on the record before us, to hold that there was an abuse of such discretion in refusing to set aside the verdict on that ground.

2. Exception is taken because the court refused to allow the defense to contradict denials made by the complaining witness on cross-examination of having scuffled with one Diddis on the porch, and thrown water at the well, and having called upon a lady present to come and help her, a few days before the alleged intercourse. In rejecting such testimony, the court stated and ruled, in effect, that the defense were bound by the answers of such witness as to such occurrences in the presence of the whole family, but that the defense were at liberty to give any evidence tending to prove that at or about the time of the alleged begetting of the child the complaining witness had an opportunity, or was with other men or any other man under circumstances which would give rise to a presumption or to a suspicion that there might have been at that time intercourse between them. The defense made only one attempt to prove such opportunity, and that was allowed. We perceive no error in such ruling.

3. After the complaining witness had testified that the child was begotten on Monday, June 25, 1888, and the state had rested, and the defense had put in a part of their testimony, the counsel for the prosecution informed the court that the complaining witness desired to correct her testimony as to such date, and was thereupon allowed to do so. She then testified to the effect that, after hearing the testimony on the part of the defense, she had concluded that she had not correctly stated the time of such intercourse;

that, as a matter of fact, it occurred a week before the date named. We do not think there was any abuse of the discretion vested in the trial court in allowing such correction; especially as there was no affidavit or claim of surprise, nor application for a continuance.

4. Exception is taken for the refusal to set aside the verdict on the ground of newly discovered evidence. Such new evidence is to the effect that the plaintiff in error was absent from his home at his mother's house, where it is alleged the child was begotten, from about 9 A. M. to about 1 P. M. June 18, 1888, on a trip to the village of Patch Grove; and also evidence to the effect that on the morning of July 4, 1888, there was bloody urine in the vessel of the room occupied by said complaining witness. We cannot say that such newly discovered evidence was of such a character as would produce a different result upon a new trial, and hence we cannot hold that there was any abuse of discretion in refusing to set aside the verdict on that ground. *Grace v. McArthur*, 76 Wis. 650, 651; *Williams v. Riches*, 77 Wis. 569.

We find no reversible error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.