Burris v. Court.

WILLIAM BURRIS v. MYRTA COURT.

[FILED MARCH 9, 1892.]

1. Bastardy: EVIDENCE: INSTRUCTIONS: WAIVER. In a bastardy proceeding the jury may take into consideration any variations in the testimony of the prosecutrix before the magistrate and that before the jury. A failure to instruct the jury to that effect is not reversible error, where no such instruction was requested to be given.

2. ———: ———. In a bastardy case, where the testimony is conflicting as to the paternity of the child, it is competent for the defendant to prove that, about the time the alleged intercourse was had, the complainant while alone was frequently visited by a man other than the defendant from a half hour to an hour and a half each time.

ERROR to the district court for Loup county. Tried below before HARRISON, J.

E. J. Clements, and J. N. Paul, for plaintiff in error, cited, as to the rejection of testimony, cases referred to in opinion.

*Robbins & Babcock,* and *A. S. Moon, contra:*

Failure to request different instructions waives objections to those given. (*Post v. Garrow,* 18 Neb., 688; *Klosterman v. Olcott,* 25 Id., 387; *Woodruff v. White,* Id., 753; *N. A. & C. R. Co. v. Wright,* 17 N. E. Rep. [Ind.], 584; *Hyde v. St. Louis Book & News Co.,* 32 Mo. App., 298; *Driscoll v. People,* 47 Mich., 421; *Schryver v. Hawkes,* 22 O. St., 316; *Taft v. Wildman,* 15 O., 129; *Jones v. State of Ohio,* 20 O., 46.)  In general, see: *Hutchison v. State,* 19 Neb., 265; *Ingram v. State,* 24 Id., 37; *Altschuler v. Algaza,* 16 Id, 631; *Sang v. Beers,* 20 Id., 373; *Masters v. Marsh,* 19 Id., 460.

NORVAL, J.

This is a prosecution for bastardy, in which the plaintiff in error is charged with being the father of an illegitimate child, born to Myrta Court, the defendant in error, on the 6th day of June, 1890.  To the charge the accused entered a plea of not guilty.  There was a verdict of guilty, and from a judgment for maintenance of the child the defendant below brings this writ of error.

It is urged that the verdict is not sustained by the evidence.  In considering this assignment of error we shall not attempt a detailed statement of the testimony of the various witnesses.  A brief reference to the proofs will be sufficient to show that the verdict should not be disturbed on the grounds urged.  It is undisputed that the child was born on June 6, 1890, and at the time it was begotten the complainant was nineteen years of age, and unmarried. The plaintiff in error was a well to do farmer, residing in Valley county, sixty-six years old.  In 1889 he employed the defendant in error as a domestic servant; she commenced work in April of that year and continued until some time in the month of November, 1889, with the exception of one week in the latter part of August, when she

was at the home of her parents in an adjoining county. She testified that the plaintiff in error is the father of her child ; that she never had sexual intercourse with any other person, and with him but once, which she claims was the last of August or the first part of September, 1889, while Mrs. Burris was away from home, having gone to town.

In the complainant's testimony given on the trial in the district court, as well as at the examination before the magistrate, she states that the child was begotten on the Saturday following her return to his house, 'after she had been home the week referred to. Although she testified on the preliminary hearing that she thought the date of her return was the last Saturday in August, she introduced on the trial in the court below testimony of disinterested witnesses to the effect that she went home on August 17th and returned to plaintiff in error's house on Saturday, August 24th. The complainant's testimony as to the act of intercourse is direct and positive. The plaintiff in error testified, denying that he ever had connection with her at any time, and he also established by numerous witnesses that he was not at home from the 4th day of September, 1889, to the 11th day of the same month, but that during a portion of that time he was at Afton, Iowa, and the remainder he was at Newman's Grove, in Madison county, this state, showing conclusively that he did not have sexual intercourse with the complainant the first Saturday in September, that being the date stated in her testimony before the examining magistrate. But a complete *alibi* is not, however, established, in view of the testimony already mentioned as to the date she went home in August on a visit and the time she returned. If the act was committed the Saturday following her return, as she contends, then it must have occurred on August 31st, before the defendant took his trip to Iowa, and to Madison county. On that date he was at home.

The plaintiff in error called as witnesses in his behalf William Black and Elbridge Mitchell, each testifying that

he had intercourse with the complainant at various times between the 12th day of August and September 26, 1889. Their testimony is denied by the complainant. The case is one of conflicting testimony, upon which the jury could have found either way, and the verdict be supported by the evidence. The jury evidently believed the complainant and her witnesses, which evidence, if true, was sufficient to justify the jury in returning a verdict of guilty. It was the province of the jury to weigh the testimony of the witnesses, as well as all the facts and circumstances tending to corroborate or contradict them, and determine who was the father of the child. It cannot be said that the verdict is without the support of evidence, or that it is clearly against the weight thereof.

It is claimed that the court erred in not instructing the jury to take into consideration the variations in the testimony of the prosecutrix before the magistrate, and that before the jury. A sufficient answer to this objection is, that no instruction of that kind was requested. If the plaintiff in error desired the jury instructed upon that point, he should have prepared and presented an appropriate instruction to the court. Had that been done and the request refused and an exception taken, the ruling could be reviewed by this court. Having failed to request the trial court to instruct upon that branch of the case, he cannot now complain.

It is insisted that the court erred in striking out the testimony of Luther Oliver, Ada Oliver, and Joe Bruha. These witnesses testified, in effect, that one Colonel Spencer had been at Burris's house frequently between August 10 and September 26, 1889; that he went to see complainant when she was there alone and remained with her from a half hour to an hour and a half each time. On motion of counsel for defendant in error this testimony was stricken out, and an exception was taken to the ruling of the court. Thereupon counsel for plaintiff in error offered to prove

by the witness Joe Bruha, who was then upon the witness stand, that on Sunday, about the last of August, or during the first days of September, 1889, Colonel Spencer came to Mr. Burris's place and inquired if any one was at home, and being informed that the complainant was in the house alone, he requested the witness to hold his team while he went to see her, and for witness to watch and tell him when he saw Mr. Burris's folks coming; that Spencer went into the house, shut the door and remained with complainant alone for about an hour and a half; that when Burris's folks came in sight he ran out of the house, jumped into the wagon and drove off, and threatened to whip witness if he told any one about his being there. The plaintiff objected to the offer, as incompetent, irrelevant, and immaterial, and defendant excepted.

We think these rulings of the court were erroneous and prejudicial to the defendant below. In a prosecution for bastardy it is competent for the defendant to prove that, about the time the alleged intercourse was had, the complainant was with a man other than the defendant, under suspicious circumstances. Especially is this true in a case like this, where the testimony is conflicting as to the paternity of the child. The testimony was material and should have been received, leaving to the jury to draw their own conclusions therefrom. (*State v. Karver*, 65 Ia., 53; *State v. Woodworth*, Id., 141; *State v. Borie*, 79 Id., 605; *Zweifel v. State*, 27 Wis., 396; *Humphrey v. State*, 78 Id., 569.)

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.