G. S. HALL, Appellee, v. J. B. RANKIN, Appellant.

| 87 | 261 |
|---|---|
| 93 | 611 |

| 87 | 261 |
|---|---|
| o116 | 607 |

1. Testimony of Experts: HYPOTHETICAL QUESTIONS: WHAT MAY BE
   ASSUMED. A hypothetical question to an expert witness may assume
   such facts as the evidence tends to prove. Clear and satisfactory
   proof is not essential.

| 87 | 261 |
|---|---|
| 120 | 342 |
| 122 | 453 |

| 87 | 261 |
|---|---|
| f125 | 342 |
| 125 | 749 |

2. Evidence: OF CHARACTER IN CIVIL ACTIONS. In an action against
   a druggist for damages resulting from his negligence in selling a
   poison for a harmless drug, held, that evidence that he was a careful
   and prudent man in handling medicines and poisons was properly
   excluded.

| 87 | 261 |
|---|---|
| f130 | 186 |

| 87 | 261 |
|---|---|
| 133 | 705 |

3. Expert Testimony: WEIGHT: INSTRUCTION TO JURY. Where
   the court instructed the jury that the facts upon which certain hypo-
   thetical questions to expert witnesses were based must be substan-
   tially correct, to entitle the conclusions drawn by them to have any
   considerable weight, held, that the instruction was erroneous as sug-
   gesting the thought that the opinion of the expert might have some
   weight, even though the hypothetical facts were not established by
   the evidence.

| 87 | 261 |
|---|---|
| f134 | 310 |

| 87 | 261 |
|---|---|
| f143 | 498 |

*Appeal from Wayne District Court.*—HON. W. H. TED-
FORD, Judge.

WEDNESDAY, JANUARY 25, 1893.

ACTION to recover damages of the defendant, a
druggist, for selling and putting up carbolic acid instead

of spirits of niter, by reason of which mistake the acid was given to the plaintiff's mare, causing her death. Verdict and judgment for the plaintiff. The defendant appeals.—*Reversed.*

*E. L. Hart,* for appellant.

*Steele & Livingston,* for appellee.

KINNE, J.—The plaintiff claims that in April, 1890, he purchased of the defendant, a registered pharmacist, two ounces of spirits of niter; that the defendant carelessly and negligently gave him, instead, two ounces of carbolic acid in a bottle labeled "Spirits of Niter;" that, relying upon the proficiency of the defendant as a ·pharmacist, and without negligence on his own part, he administered to his mare a part of the contents of the said bottle, from the effects of which she died. In an amendment to his petition, he avers that he took an empty bottle to defendant, which was then labeled "Spirits of Niter," and in which the defendant was to put niter, but negligently filled it with carbolic acid. The other allegations are the same as in the original petition. The defendant denied every allegation, except that he was a registered pharmacist, and kept a drug store, and averred that the injury was caused by the plaintiff's own negligence.

I. Two physicians were called as experts, and asked as to the probable effect of "taking three-fourths of an ounce to an ounce and a half of car-

1. TESTIMONY of experts: hypothetical questions: what may be assumed.

bolic acid, mixing it with a half pint of water, and giving it to a horse." The court permitted the question to be answered, notwithstanding the defendant's objection that the question assumed facts not shown by the evidence. The general rule, undoubtedly, is that there must be evidence tending at least to establish the facts upon which the opinion of the witness is asked. *Hurst v.*

*C., R. I. & P. Railway Co.*, 49 Iowa, 79; *State v. Cross*, 68 Iowa, 193; *State v. Ginger*, 80 Iowa, 577; *Meeker v. Meeker*, 74 Iowa, 357; *In re Will of Norman*, 72 Iowa, 88; *Ray v. Ray*, 98 N. C. 566; 1 Rice, Ev., p. 350; 7 Am. and Eng. Encyclopedia of Law, p. 514. It is impossible to say, from the evidence, how much carbolic acid was given to the mare. It seems that most of the two ounces was put into a bottle containing hot water, and a part of the mixture given the animal. It is certain that the evidence tended to establish the facts set out in the question, and that was sufficient. True, there was no direct evidence that the acid was strong carbolic acid. But there was evidence as to the fact that the carbolic acid sold by the defendant was pure, and there was evidence tending to show that the acid given did kill the mare, and that the amount she must have taken would not ordinarily have produced death. Hence we think there was sufficient evidence to justify the question put to the witness. Again, this court has held that these hypothetical questions need not be framed with technical accuracy; that an error as to one or more facts is not prejudicial, as the opposing party may, on cross-examination, show the error, if any there be. *Meeker v. Meeker*, 74 Iowa, 357; *State v. Ginger*, 80 Iowa, 579. As to the extent of cross-examination in such cases, see *Dilleber v. Home Life Ins. Co.*, 87 N. Y. 79.

II. The defendant, on cross-examination of the plaintiff's father, sought to contradict the plaintiff's testimony touching the label on the bottle which he claimed the defendant filled with carbolic acid. The witness, in his examination in chief, said nothing touching the matter sought to be inquired into on cross-examination. In any event, the defendant was not prejudiced by the court's ruling, as he might thereafter have called the witness on his own behalf, as to the matter about which he was seeking information.

III.   The defendant offered to show by several witnesses that he was a careful and prudent man in handling medicines and poisons.  The court rejected the testimony, and its action is assigned as error.  The question here presented is the same, in principle, as in the case of *Stone v. Hawkeye Insurance Co.*, 68 Iowa, 742, where it was held that in a civil action evidence of the good character of one charged with burning his insured property was inadmissible.  We are satisfied with the rule as established in that cause.  The proposed evidence was properly rejected.

2. EVIDENCE: of character in civil actions.

IV.   In the fifth division of the charge to the jury the court, in speaking of the weight and credit to be given to the testimony of the experts, says:  "And if the facts stated as a basis for the hypothetical question propounded to the medical experts in this case were not substantially correct, as shown by the evidence introduced on the trial of the case, then the opinion given by the experts based upon such assumed state of facts is entitled to but little or no weight, as may be determined from the evidence.  That is to say, the hypothetical facts upon which the question is based must be substantially correct, to entitle the conclusion drawn by the expert to have any considerable weight.  You will therefore consider the testimony of the medical experts, with all the other testimony, and give it just such weight as you think it deserves.  In connection with the medical works introduced and read to you, you should consider this evidence, and give it such weight as you think it deserves."  We think the vice of this instruction consists in the thought that the opinion of the expert might have some weight even though the jury should find that the facts assumed as a basis for the opinion were incorrect.  To that extent the instruction is erroneous.  The sole value of the opinion must,

3. EXPERT testimony: weight: instruction to jury.

of necessity, depend upon the correctness of the statement of facts upon which it is based.   If that is incorrect, then the opinion can have no weight or value whatever.   It was held in *Re Will of Norman*, 72 Iowa, 89, that, if some of the facts on which the opinion was based were not established by the evidence, the opinions of witnesses which were founded on the assumption of the existence of such facts would be of no value whatever.   It seems to us it fairly appears from this instruction that the jury were justified in giving some weight and force to evidence of experts, even though they should find that such evidence was bottomed upon facts not proved.   As the jury were bound by the law as thus given them, we must assume that they acted in accordance therewith.   Viewing the instruction as a whole, it seems to us that the error is not cured by the general directions which follow the erroneous clauses we have referred to.

V.   Other errors are assigned, which we do not deem well taken.   It is also urged that the verdict is against the evidence.   As the cause must be reversed, and the evidence on a retrial may not be the same, we can not discuss the question as to whether the evidence sustains the verdict.

For the errors pointed out, the case is REVERSED.