## WALKER v. STATE, EX REL. LABOYTEAUX.

[No. 20,599.    Filed June 2, 1905.]

1.    EVIDENCE. — *Bastardy.* — *Witnesses.*—*Admissions.*—*Impeachment by Contradictory Statements.*—The testimony of defendant in a bastardy proceeding is competent to show that a witness called by him had admitted to him, on their return home from a visit to relatrix on the night of the conception of the child, that he, the witness, had intercourse with relatrix on such night, where such witness, on such trial, had denied such intercourse or any opportunity therefor and the making of such admission.    p. 96.

2.    SAME.—*Bastardy.*—*Impeachment of Relatrix by Specific Acts.*—Relatrix, in a bastardy case, can not be impeached by showing her admission of specific acts of intercourse with others than defendant at times remote from the date of conception.    p. 97.

3.    SAME.—*Bastardy.*—*Impeachment of Relatrix by Showing Opportunity.*—Relatrix, in a bastardy case, can not be impeached by showing her admission that she and another than defendant were alone on the night of the conception of such child.    p. 98.

4. EVIDENCE. — *Bastardy.* — *Intercourse with Others.*—*Impeachment.*—Defendant, in a bastardy case, may introduce evidence of the intercourse of relatrix with others upon or near the date of conception, and may compel relatrix to testify to such, and if she deny same, she may be impeached by proof of contradictory statements. p. 98.

5. SAME.—*Bastardy.*—*Intercourse with Others.*—*Opportunity.*— *Question for Jury.*—Evidence is competent on behalf of the defendant, in a bastardy case, to show that relatrix had intercourse with another than defendant at times prior to conception, and that she had an opportunity for intercourse with such other person on the night of conception, the inference therefrom being for the jury. p. 98.

6. SAME.—*Bastardy.*—*Admissions of Relatrix.*—A letter, written by relatrix in a bastardy case to defendant, admitting intercourse with another at former times and an opportunity therefor on the night of conception, is competent evidence for defendant, where relatrix, on the trial, denies such intercourse and such opportunity. p. 99.

From Fayette Circuit Court; *Ferdinand S. Swift,* Judge.

Action by the State of Indiana, on the relation of Pearl Laboyteaux, against Joseph W. Walker. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Reversed.*

*McKee, Little & Frost,* for appellant.
*Reuben Conner* and *Barnard & Jeffrey,* for appellee.

MONTGOMERY, J.—This is a bastardy proceeding. The only error assigned is the overruling of appellant's motion for a new trial. The grounds of the motion urged upon us are refusing to permit appellant as a witness to testify to a statement made to him out of court contradicting the testimony of a witness placed upon the stand by him, and excluding from evidence a letter written by the relatrix to appellant.

The relatrix testified that her child was begotten on the night of September 5, 1902. The theory of the defense

was that one Burgess was the father of the child,

1.    and appellant testified that on the night of September 5, 1902, Burgess and he were calling upon the relatrix and her cousin, and that Burgess and the relatrix were alone together for a time on that evening. Appellant placed Burgess upon the stand as a witness in his behalf, and asked him whether he had sexual intercourse with the relatrix on the night of September 5, 1902, and his answer was: "Not that I know of." He was then asked whether on their way home that night from calling upon the relatrix and her cousin he did not make a specific statement to appellant, the substance of which was that he had on that night had sexual intercourse with the relatrix. This statement Burgess denied. Appellant testified in his own behalf, and the specific question put to Burgess was propounded to him, but upon appellee's objection that it was not proper for appellant to impeach or contradict his own witness he was not permitted to answer the question.

The last clause of §515 Burns 1901, §507 R. S. 1881, provides that in all cases a party calling a witness may contradict him by other evidence, and by showing that he made statements different from his present testimony. It has been frequently held by this court that the provisions of this statute can not be invoked so as to authorize contradictory statements to be proved, when a witness does not testify to anything prejudicial to the party calling him, since, his evidence being harmless, no reason exists for thus impeaching such witness. *Hull* v. *State, ex rel.* (1884), 93 Ind. 128; *Blough* v. *Parry* (1896), 144 Ind. 463; *Conway* v. *State* (1889), 118 Ind. 482; *Miller* v. *Cook* (1890), 124 Ind. 101; *Rhodes* v. *State* (1891), 128 Ind. 189, 25 Am. St. 429.

Appellant assumed to know upon Burgess's own authority that he had an opportunity to commit the sexual act, and upon his own admission was guilty of sexual commerce with the relatrix on the particular night on which she says the

child was begotten. He was therefore warranted in placing Burgess upon the stand. When Burgess denied the intercourse in the evasive answer above quoted, it was proper to put a direct question to him in the exact language of his alleged confession. Under the facts and circumstances of some cases the inquiry would have ended with his answer; but in this case, keeping in mind appellant's contention that Burgess was the father of the child, and that the inquiry was directed to matters occurring upon the night and at the particular place when and where the child was admittedly begotten, and that Burgess denied the intercourse attributed to him, and denied an opportunity therefor, it is manifest that the obvious effect of his testimony was not merely negative, and that it tended not only to refute appellant's defense, but also to establish the guilt of the appellant. Burgess was an unfriendly witness, his evidence was harmful and injurious, and the provisions of §515 Burns 1901, §507 R. S. 1881, apply, and appellant should have been permitted to impeach him, if he could do so, by proof of statements made out of court contradicting his testimony upon these points, which were material to the issue. It follows that the court erred in refusing to permit appellant to answer the question to which appellee objected.

The relatrix denied that she and Burgess were alone together on the night of September 5, 1902, and denied that she ever had sexual intercourse with any person 2. other than appellant. Appellant proved the execution of a letter written by her to him dated February 22, 1903, in which she admitted that she and Burgess were alone together on the night in question, and admitted that before that night she had twice sustained illicit relations with Burgess. This letter was duly offered in evidence and excluded. This was error. The relatrix could not be impeached by showing her admissions of specific acts of inter-

course with men other than the appellant at times remote from the 5th day of September, 1902.

Nor could she be impeached by proof of a statement out of court contradicting her testimony that she and Burgess were not alone together on the night the child was begotten, as unlawful sexual commerce will not be presumed merely from proof of an opportunity for such indulgence. If these two subjects about which the relatrix testified were wholly disconnected, and the letter offered would serve no purpose other than to contradict her testimony upon each of them, it would have been incompetent.

It was proper, however, for appellant in support of his defense, to show, if he could, that Burgess had sexual intercourse with the relatrix upon or near the date the child was begotten. The relatrix may be compelled to testify as to such fact, and may be impeached by contradictory statements made by her upon that subject. *Walker* v. *State, ex rel.* (1841), 6 Blackf. 1; *Hill* v. *State* (1853), 4 Ind. 112; *O'Brian* v. *State, ex rel.* (1860), 14 Ind. 469.

As tending to prove such intercourse, it was competent for appellant to show that the relatrix had sustained illicit relations with Burgess prior to the begetting of the child, and that an opportunity for further sexual indulgence was afforded them at the time and place the child was begotten as fixed by the mother, and, these facts being established, the inference to be drawn therefrom would be for the jury to determine, and the jury, in the rightful exercise of its discretion, might be warranted in inferring sexual intercourse between the parties at such time. 2 Greenleaf, Evidence, §41; *Carotti* v. *State* (1868), 42 Miss. 334; *Smith* v. *Smith* (1834), 4 Paige Ch. 432, 27 Am. Dec. 75; *Appeal of Reading Fire Ins., etc., Co.* (1886), 113 Pa. St. 204, 6 Atl. 60, 57 Am. Rep. 448.

A cause of action or of defense ordinarily cannot be established by a single witness, or by a sentence of testimony, but only by proof of a series of acts and circumstances. The relatrix denied intercourse with Burgess, and denied that he had an opportunity to become the father of the child on the night in question. Her letter, however, contradicted her upon both these points, and taking her prior sexual relations and her associations with Burgess on this particular night into consideration, the matter becomes important and material. Considering the subject from appellant's position, the testimony of the relatrix upon the two points, connected and related as they are, was material and relevant, and he was not bound by her answer, but had a right to introduce the letter offered for the purpose of impeachment, and its exclusion by the court was erroneous. On account of the errors indicated, appellant's motion for a new trial should have been sustained.

The judgment is reversed at the cost of the relatrix, with directions to sustain appellant's motion for a new trial.