DeMund, Plaintiff in error, vs. The State, Defendant in
error.

*January 11—February 5, 1918.*

*Bastardy: Evidence of complainant's conduct with men other than
defendant.*

In a bastardy proceeding where the evidence was conflicting as to
whether defendant was the father of the child it was preju-
dicial error to exclude evidence that, at about the time of prob-
able conception, the complainant had associated with other men
under suspicious circumstances.

Error to review a judgment of the circuit court for Dodge
county: Martin L. Lueck, Circuit Judge. *Reversed.*

Judgment was entered in this action in the court below
June 30, 1917, adjudging the plaintiff in error, hereinafter
called defendant, to be the father of a bastard child born
alive on the 13th day of September, 1916.

The defendant brings the record here by writ of error for
review upon errors assigned.

For the plaintiff in error there was a brief by *E. A. Clif-
ford* of Juneau and *A. W. Lueck* of Beaver Dam, and oral
argument by *Mr. Lueck.*

For the defendant in error there was a brief signed by
*W. C. Owen,* attorney general, and *J. E. Messerschmidt,* as-
sistant attorney general, and oral argument by *Mr. Messer-
schmidt.*

Kerwin, J.   The principal error assigned is that the
court below excluded evidence offered by the defendant to
the effect that during the time the bastard child was begotten,
namely, during the fore part of December, 1915, the com-
plaining witness, mother of the bastard child, associated with
men other than the defendant, at times and under circum-
stances indicating that she might have had illicit intercourse
with them.

Early in the trial counsel for defendant asked Mrs. Brown, with whom complaining witness boarded in December, 1915, whether the complaining witness stayed at home evenings while she was boarding with her.   The question was objected to by counsel for the state as incompetent, irrelevant, and immaterial, and the objection sustained.   The district attorney then stated to the court that counsel was trying to show general habits, to which counsel for defendant replied that he wanted to make a record.   The trial judge stated that if he had made a mistake the question showed it.   Counsel for defendant then stated that he would make the offer after recess, whereupon the judge again remarked that if he made a mistake counsel's question clearly showed it.

The following day, at the close of the evidence, counsel for defendant made the following offer:

"If the court please, I would like to make that offer that we wanted to make yesterday on the record with reference to Mrs. Brown.   This is with reference to the testimony of Mrs. Mary Brown.

"We offer to prove by this witness that during the time that the complaining witness, Babe Lewis, stayed with her, which was during the first two weeks of December, 1915, that the complaining witness, Babe Lewis, was out evenings at least six out of seven days of each week, and that she was out until 2 and 3 o'clock in the morning; that she came with different gentlemen escorts."

This offer was objected to as incompetent, irrelevant, and immaterial, and not proper to be made at that time.   The court then said:

"The record clearly shows that if there was anything in the record, that if they could show anything with reference to the relations between Breese and the complaining witness, that they were entitled to do so, but that outside of that her conduct was immaterial."

It is plain from the record that the court intended to and did rule out all evidence of the conduct of complaining witness with other men than Breese.   The evidence ruled out

and complained of was not ruled out on the ground that it was not seasonably offered, but upon the ground that it was not competent or material. The court obviously, from the time evidence was offered of the nature of the evidence ruled out, knew the character of the evidence which counsel desired to put in, and excluded it on the ground that such evidence was not proper.

We are of opinion that the court erred in excluding the evidence. *Zweifel v. State,* 27 Wis. 396; *Humphrey v. State,* 78 Wis. 569, 47 N. W. 836; *Kelly v. State,* 133 Ala. 195, 32 South. 56, 91 Am. St. Rep. 25; 7 Corp. Jur. 990; *Burris v. Court,* 34 Neb. 187, 51 N. W. 745. The foregoing cases and others which might be cited show that where the evidence is conflicting as to whether the person charged in a bastardy case is the father of the bastard child, evidence of association with men other than the defendant charged, about the time of probable conception, under suspicious circumstances of the character referred to in the testimony offered and excluded in this action, is admissible, and it is error to exclude it.

In *Burris v. Court,* 34 Neb. 187, 191, 51 N. W. 745, the court said:

"In a prosecution for bastardy it is competent for the defendant to prove that, about the time the alleged intercourse was had, the complainant was with a man other than the defendant, under suspicious circumstances. Especially is this true in a case like this, where the testimony is conflicting as to the paternity of the child. The testimony was material and should have been received, leaving to the jury to draw their own conclusions therefrom," citing, amongst other cases, *Zweifel v. State* and *Humphrey v. State, supra.*

But it is contended that defendant was not prejudiced by the ruling. There was a sharp conflict in the evidence as to whether or not defendant was father of the child. The defendant denied positively that he ever had or attempted to have intercourse with the complaining witness and offered

corroborating evidence to that effect. There was evidence tending to show that the complaining witness had intercourse with another man about the probable time of conception, and other evidence tending to cast doubt upon the question as to who was the father of the bastard child. The evidence offered, therefore, was proper for the consideration of the jury and it was prejudicial error to exclude it.

Some other errors are assigned and discussed by counsel which in our view of the case do not require treatment.

*By the Court.*—The judgment is reversed, and the cause remanded for a new trial.

Owen, J., took no part.